IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT GRANT HARRIS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:17cv00488 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Robert Grant Harris, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Henry County Circuit Court. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, the court dismisses the petition as time-barred.

I.

On October 7, 2014, after pleading guilty, the Henry County Circuit Court convicted Harris of twenty-eight counts of possessing child pornography and sentenced him to 140 years of incarceration, with all but 7 years and 1 month suspended. Harris did not appeal. On February 16, 2016, more than a year after his conviction became final, Harris filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. The court dismissed his habeas petition on October 28, 2016. Harris filed the instant federal habeas petition on October 20, 2017.

The court conditionally filed the petition, advised Harris that the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. Harris did not respond.

II.

Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28

U.S.C. § 2244(d)(1).[1]  A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case.  *See Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).  Otherwise, an untimely petition may be dismissed by a federal district court.  *See Hill*, 277 F.3d at 707.

The statute of limitations began to run in Harris's case on November 6, 2014, when his conviction became final.[2]  Therefore, Harris had until November 6, 2015, to file a timely federal habeas petition.  Harris did not meet this deadline; in fact, by that date, Harris had yet to file his state habeas petition.[3]  Accordingly, Harris's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330).  The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control"

---

[1] The one-year period begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   28 U.S.C. § 2244(d)(1).

[2] Harris makes no argument to support a later start to the statute of limitations applicable in this case.

[3] Harris's one-year clock had already run by the time he filed his state habeas petition in the Supreme Court of Virginia; therefore, his state petition afforded him no tolling under § 2244(d)(2).

prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)).

Despite being given the opportunity to argue the timeliness of his petition, Harris does not allege any ground that warrants equitable tolling. Harris filed his federal habeas petition more than one year after the judgment became final; thus, the court dismisses his petition as untimely filed. *See Hill*, 277 F.3d at 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

Entered: November 14, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge